J-S95016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: S.S. , A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: S.S., MOTHER | No. 2823 EDA 2016 |

Appeal from the Order Entered July 27, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0001435-2016

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED FEBRUARY 07, 2017**

S.S. ("Mother") appeals from the July 27, 2016 order entered in the Philadelphia County Court of Common Pleas finding her daughter, S.S. ("Child"), dependent.  We affirm.

On March 18, 2016, Master Caitlin Shuler heard a truancy matter regarding Child.  Master Shuler ordered that the family receive truancy prevention services and that DHS file a dependency petition regarding Child. On July 11, 2016, DHS filed a dependency petition.  Following a July 27, 2016 adjudicatory hearing, the trial court found Child dependent.  It found custody of Child would transfer to Mother, but that the community umbrella agency ("CUA") would make a referral for on-ground school placement. Order, 7/27/16.  Mother filed a timely notice of appeal.

Mother raises the following issue on appeal:

1. Did the Department of Human Services (DHS) sustain the burden that child should be adjudicated dependent?

Mother's Br. at 4. Mother argues the evidence did not establish that Child had been neglected and there was no indication Mother had drug or alcohol issues. She further argues the evidence established only that other children in the home had truancy issues, and the mere fact that the home was a one-bedroom residence was insufficient to adjudicate Child dependent.[1]

The Pennsylvania Supreme Court recently set forth our standard of review in a dependency case as follows:

> The standard of review in dependency cases requires an appellate court to accept findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. We review for abuse of discretion[.]

*In Interest of: L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015) (internal citation and quotation marks omitted). As the Court has also stated:

> [U]nlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. [*In re R.J.T.,* 9 A.3d 1179, 1190 (Pa. 2010)]. Therefore, even where the facts could support an opposite result, as is often the case

---

[1] Mother also argues the trial court should have sought evidence from objective, disinterested witnesses. Mother's Br. at 9. The trial court, however, heard testimony from the DHS and CUA caseworkers, both of whom were objective, disinterested witnesses. *See In re C.M.T.*, 861 A.2d 348, 356 (Pa.Super. 2004) (noting "'judge should receive, and if necessary should seek out, evidence from objective, disinterested witnesses,' e.g., neighbors, teachers, social workers, and psychological experts.").

in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. *In re Adoption of Atencio*, [] 650 A.2d 1064, 1066 ([Pa.] 1994).

*In re Adoption of S.P.*, 47 A.3d 817, 826-27 (Pa. 2012).

Section 6302 of the Juvenile Act defines a "dependent child" as:

A child who:

(1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk[.]

. . .

(5) while subject to compulsory school attendance is habitually and without justification truant from school[.]

42 Pa.C.S. § 6302.

In *In re G., T.*, this Court further explained the definition of "dependent child" where the child is lacking proper parental care and control:

The question of whether a child is lacking proper parental care or control so as to be a dependent child encompasses two discrete questions: whether the child presently is without proper parental care and control, and if so, whether such care and control are immediately available.

845 A.2d 870, 872 (Pa.Super. 2004) (internal quotations and citations omitted); *see also In re J.C.*, 5 A.3d 284, 289 (Pa.Super. 2010).

Additionally, "[t]he burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." *In re G., T.*, 845 A.2d at 872.

Here, the trial court found by clear and convincing evidence that Child was dependent pursuant to 23 Pa. C.S.A. § §6302(1) and (5). The Court found:

> The record demonstrates that the Child while subject to compulsory school attendance has been habitually and without justification truant from school. The DHS Supervisor testified at the hearing that Child was truant in years 2012, 2013, 2014, and 2015. (N.T. 07/27/2016, p.4, lines 15 -16). The DHS Supervisor also testified that Child had 34 unexcused absences, 2 excused absences, and was tardy 88 times during the 2015/2016 school year. (N.T. 07/27/2016, p. 4, lines 8-9). The record also demonstrates that the Child should be adjudicated dependent based upon present inability. The DHS Supervisor testified that the Mother had mental health issues. (N.T. 07/27/2016, p. 17 lines 11 -17). Child lives with her pregnant Mother, Grandmother, and four siblings in a one bedroom unit. (N.T. 07/27/2016 p. 7 lines 12 - 25). (N.T. 07/27/2016 p. 8 lines 1 -18). Counsel for the DHS testified that the Child's other siblings were adjudicated dependent. (N.T. 07/27/2016 p. 11, lines 19 - 24). The DHS Supervisor also testified that the Child's other siblings were truant. (N.T. 07/27/2016, p. 5, lines 18 -21).

Opinion, 9/21/16, at 3 ("1925(a) Op.").

The trial court's conclusions are supported by the record. The trial court heard testimony[2] from DHS Supervisor Renato Minard regarding Child's truancy, not only for the current school year, but dating back to the 2012-2013 school year. N.T., 7/27/16, at 4-5. Minard also stated that Mother had a mental health history and needed to be reconnected to mental health professionals. *Id.* at 17. The trial court also heard testimony from CUA case manager Steven Gardner regarding Child's living situation. Gardner testified that Child, and her four, soon-to-be six, siblings lived with Mother and Grandmother in a one-bedroom Philadelphia Housing Authority ("PHA") apartment. *Id.* at 7. The children slept in three queen beds. *Id.* at 10.[3] Gardner had started a housing application for Mother to help her attain housing closer to Child's school.[4] *Id.* at 13.

Although the trial court heard testimony that Child's siblings also were adjudicated dependent, that was not the sole basis of the court's findings. Rather, the trial court noted Child's truancy and Mother's mental health history, and the trial court was concerned that Child and her soon-to-be six

---

[2] Mother was unable to attend the dependency hearing because she was pregnant with twins and expected to give birth "any minute." N.T., 7/27/16, at 5.

[3] Minard testified that DHS had a hard time finding Mother because she had moved residences during the eight months of DHS involvement. N.T., 7/27/16, at 13.

[4] Mother had been driving Child to school. N.T., 7/27/16, at 16.

siblings resided with her Mother and Grandmother in Grandmother's one-bedroom PHA apartment, and believed that PHA would have concerns if it learned of the living situation. 1925(a) Op. at 3; N.T., 7/27/16, at 19. We conclude that the trial court did not abuse its discretion in finding Child dependent.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/7/2017